UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00050

**Steven Michael Edison,**
*Plaintiff,*
v.
**Anderson County, Texas et al.,**
*Defendants.*

**ORDER**

Plaintiff Steven Edison, a former inmate proceeding pro se, filed this lawsuit against, among others, defendant Anderson County, Texas, pursuant to 42 U.S.C. § 1983. This case was referred to United States Magistrate Judge John D. Love. The magistrate judge issued a report recommending that defendants' motion for summary judgment (Doc. 41) be granted and that plaintiff's civil-rights lawsuit be dismissed, without prejudice, for failure to exhaust administrative remedies. Doc. 49. Plaintiff filed timely objections. Doc. 51.

When timely objections to a magistrate judge's report and recommendation are filed, the court reviews them de novo. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996).

Here, in the portion of plaintiff's objections addressing the substance of the report, plaintiff maintains that the inmate handbook at the jail does not specify that an inmate must exhaust administrative remedies before filing a lawsuit. Doc. 51 at 2. This objection confirms the accuracy of the magistrate judge's report that plaintiff failed to exhaust. Moreover, plaintiff's objection fails to account for the fact that the exhaustion requirement is statutory. *See* 42 U.S.C. § 1997e(a); *see also Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012) (explaining that pre-filing exhaustion is both mandatory and non-discretionary). In other words, plaintiff's dissatisfaction that the jail handbook did not inform

him of the exhaustion requirement is irrelevant. *See Plaisance v. Cain*, 374 F. App'x 560, 561 (5th Cir. 2010) (rejecting a prisoner's argument that he was unaware that he was required to complete both steps of the grievance process prior to filing suit).

Having reviewed the magistrate judge's report de novo, the court accepts the findings and recommendations. Defendants' motion for summary judgment limited to the exhaustion of administrative remedies (Doc. 41) is granted, and plaintiff's objections are overruled. This civil-rights lawsuit is dismissed, without prejudice, for plaintiff's failure to exhaust administrative remedies. All motions pending in this civil action are denied.

*So ordered by the court on January 28, 2022.*

J. CAMPBELL BARKER
United States District Judge